## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **COALITION OF AMERICAN MANUFACTURERS OF MOBILE ACCESS EQUIPMENT,**<br><br>                              **Plaintiff,**<br><br>              **v.**<br><br>**UNITED STATES,**<br><br>                              **Defendant.** | **Before: Hon. _____**<br><br>**Court No. 22-00002** |

## COMPLAINT

Plaintiff the Coalition of American Manufacturers of Mobile Access Equipment ("Plaintiff" or "Petitioner"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.      Plaintiff brings this Complaint to contest the final determination issued by the U.S. Department of Commerce ("Commerce") in the countervailing duty investigation on *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China.* The final determination was issued on October 12, 2021 and published in the *Federal Register* on October 19, 2021. *See Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China*, 86 Fed. Reg. 57,809 (Dep't Commerce Oct. 19, 2021) (final affirm. countervailing duty deter.) ("*Final Determination*") and accompanying Issues and Decision Memorandum ("Issues & Decision Memo"). Subsequently, the U.S. International Trade Commission ("ITC") issued an affirmative threat of material injury determination with respect to Chinese imports of mobile access equipment and subassemblies thereof ("MAE"), and Commerce published a countervailing duty order. *See Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China*, 86 Fed.

Ct. No. 22-00002

Reg. 70,439 (Dep't Commerce Dec. 10, 2021) (countervailing duty order and amended final affirmative countervailing duty deter.) ("*Countervailing Duty Order*").

## JURISDICTION

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(II) and (B)(i) of the Tariff Act of 1930, *as amended*.  19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) & (B)(i).

## STANDING

3.      Plaintiff is an association of domestic MAE producers and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(E).  Plaintiff was the petitioner in Commerce's underlying countervailing duty investigation.  Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4.      Plaintiff commenced this action by filing a Summons on January 9, 2022, within 30 days after the date of publication of the countervailing duty order in the *Federal Register*. Summons (Jan. 9, 2022), ECF No. 1.  Plaintiff is filing this Complaint within 30 days after filing the Summons.  The Summons and Complaint therefore are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 19 U.S.C. § 1516a(a)(2)(B)(i) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5.      On February 26, 2021, Plaintiff filed a petition with Commerce and the ITC alleging that the MAE industry in the United States was materially injured or threatened with material injury by reason of dumped and subsidized MAE imports from China.

Ct. No. 22-00002

6.     On March 18, 2021, Commerce initiated a countervailing duty investigation into imports of MAE from China.  *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China*, 86 Fed. Reg. 15,905 (Dep't Commerce Mar. 25, 2021) (initiation of countervailing duty investigation).   The investigation covered a period of investigation ("POI") of January 1, 2020 through December 31, 2020.  Issues & Decision Memo at 7.

7.     On April 22, 2021, Commerce selected Lingong Group Jinan Heavy Machinery Co., Ltd. ("LGMG") and Zhejiang Dingli Machinery Co., Ltd. ("Dingli") as mandatory respondents in the investigation.  *See Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China*, 86 Fed. Reg. 41,013 (Dep't Commerce July 30, 2021) (prelim. affirm. countervailing duty deter.) ("*Prelim. Determination*") and accompanying Decision Memorandum ("Prelim. Decision Memo") at 3-4.

8.     In the course of the countervailing duty investigation on MAE imports from China, Petitioner argued that Chinese MAE producers benefited from China Ex-Im Bank Export Buyer's Credit Program subsidies.  *See* Prelim. Decision Memo at 21-25.

9.     On July 30, 2021, Commerce published its preliminary determination in the countervailing duty investigation.  *Prelim. Determination*, 86 Fed. Reg. at 41,013.

10.     In the preliminary determination, Commerce found that the Government of China ("GOC") withheld information concerning the operation of the Export Buyer's Credit Program and thus failed to cooperate to the best of its ability with the agency's investigation of this subsidy program.  Prelim. Decision Memo at 24.  Commerce further found that Dingli failed to provide a complete response to a supplemental questionnaire regarding this program, including by failing to provide information regarding certain non-traditional forms of financing.  *Id.* at 25.

Ct. No. 22-00002

It found that LGMG provided a complete response to this questionnaire. *Id.* As a result, Commerce preliminarily found that, "despite the lack of cooperation from the GOC, which is otherwise necessary to verify non-usage," LGMG had provided information that could be used as facts available to find that LGMG did not use this subsidy program during the POI. *Id.* However, "in light of the failure of both the GOC and Dingli to cooperate," Commerce found as facts available with an adverse inference ("AFA") "that Dingli used and benefited from this program . . . during the POI." *Id.*

11.    In the preliminary determination, Commerce used Dingli's unconsolidated sales as the denominator for its subsidy rate calculation. *See* Issues & Decision Memo at 74.

12.    In the preliminary determination, Commerce used LGMG's total sales value – unadjusted for certain income items unrelated to selling MAE – as the denominator for its subsidy rate calculation. *See* Issues & Decision Memo at 91-93.

13.    In part as a result of these findings, Commerce calculated a 4.09 percent preliminary subsidy rate for mandatory respondent LGMG, a 23.43 percent preliminary subsidy rate for mandatory respondent Dingli, a total AFA preliminary subsidy rate of 435.06 percent for several Chinese producers, and a 20.47 percent preliminary subsidy rate for all other Chinese MAE producers. *Prelim. Determination*, 86 Fed. Reg. at 41,014.

14.    On October 19, 2021, Commerce published its final determination in the countervailing duty investigation. *See Final Determination*, 86 Fed. Reg. at 57,809.

15.    In its final determination, the agency continued to find that the GOC failed to cooperate to the best of its ability with regard to the investigation of the Ex-Im Bank Export Buyer's Credit Program, "that the GOC is the only party that can answer questions about the internal administration of this program and that non-use certificates cannot replace the

Ct. No. 22-00002

cooperation of the GOC." Issues & Decision Memo at 49. Commerce thus found, as AFA, that the program constituted a financial contribution and was specific within the meaning of the statute. *Id.* However, Commerce continued to find that LGMG did not use the program during the POI. *Id.* at 50. Commerce further found that Dingli had now also provided complete responses to supplemental questionnaires on this issue and thus also concluded that Dingli did not use the subsidy program during the POI. *Id.* at 55.

16.     In the final determination, Commerce also changed its calculation methodology for Dingli and decided to use Dingli's consolidated sales as the denominator in its subsidy rate calculation. *Id.* at 74.

17.     With regard to LGMG's sales denominator, Commerce agreed with Petitioner that it should make certain adjustments to LGMG's total sales value to reduce it for amounts of non-MAE-related income and that it was required to rely on facts available to do so. *Id.* at 91-93. However, Commerce did not make all the adjustments proposed by Petitioner to LGMG's denominator in its final subsidy rate calculation. *Id.*

18.     In part as a result of these findings, Commerce calculated a final subsidy margin of 18.34 percent for LGMG, 11.95 percent for Dingli, 448.70 percent as total AFA for several Chinese producers, and 12.93 percent for all other Chinese producers. *Final Determination*, 86 Fed. Reg. at 57,810. Commerce later revised these rates to 18.58 percent for LGMG, 11.97 percent for Dingli, 448.80 percent as total AFA for several Chinese producers, and 12.98 percent for all other Chinese producers, after correcting for ministerial errors. *Countervailing Duty Order*, 86 Fed. Reg. at 70,440-41.

Ct. No. 22-00002

## CLAIMS AND BASES FOR RELIEF

### Count I

19.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18.

20.     Commerce's determination that LGMG and Dingli did not use the Ex-Im Bank Buyer's Credit program during the POI was unsupported by substantial evidence and not in accordance with law.

### Count II

21.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20.

22.     Commerce's determination to use Dingli's consolidated sales, rather than its unconsolidated sales, as the denominator for its subsidy rate calculation was unsupported by substantial evidence and not in accordance with law.

### Count III

23.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 22.

24.     Commerce's calculation of the denominator for LGMG's final subsidy rate calculation was unsupported by substantial evidence and not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1)     Hold that aspects of Commerce's final determination in the countervailing duty investigation of *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China* are not supported by substantial record evidence and are otherwise not in accordance with law; and

2)     Remand the final determination to Commerce for disposition consistent with the Court's final opinion; and

Ct. No. 22-00002

    3)      Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for the Coalition of American*
*Manufacturers of Mobile Access Equipment*

Dated: February 8, 2022

## CERTIFICATE OF SERVICE

PUBLIC SERVICE

**Coalition of American Manufacturers of Mobile Access Equipment v. United States**
**Court No. 22-00002**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on February 8, 2022.

/s/ Claire M. Webster

Kristin E. Olson, Esq.
**U.S. Department of Justice**
Civil Division - Commercial Litigation Branch
P.O. Box 480
Benjamin Franklin Station
Washington, DC 20044

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Avenue, NW
Washington, DC 20230

Michael P. House, Esq.
**Perkins Coie, LLP**
700 13th Street, NW
Suite 600
Washington, DC 20005

Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

Jeffrey S. Neeley, Esq.
**Husch Blackwell LLP**
750 17th Street, NW
Suite 900
Washington, DC 20006

Andrew T. Schutz, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Avenue, NW
Suite 650
Washington, DC 20005

Matthew T. McGrath, Esq.
**Barnes Richardson & Colburn**
1850 M Street, NW
Suite 1060
Washington, DC 20036

Diana Dimitriuc-Quaia, Esq.
**Arent Fox LLP**
1717 K Street, NW
Washington, DC 20006

Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006

Brady W. Mills, Esq.
**Morris, Manning & Martin, LLP**
1401 I Street, NW
Suite 600
Washington, DC 20005

Jack A. Levy
**Cassidy Levy Kent (USA) LLP**
900 19th Street, NW
Suite 400
Washington, DC 20006

Xiaohua Hou
**Beijing Chang An Law Firm**
F9/10, Zhongjian Building, No.18 Xibahe
Dongli, Chaoyang District
Beijing, China

Yangfan Xie
**Embassy of the Peoples Republic of China**
Economic and Commercial Office
2133 Wisconsin Avenue, NW
Washington, DC 20007